**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2525

TUAN DONG YONG,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A77-641-908)

Submitted: October 26, 2005          Decided: November 21, 2005

Before WIDENER, TRAXLER, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Hanbin Wang, New York, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Dennis J. Dimsey, Lisa Wilson Edwards, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tuan Dong Yong, a native and citizen of the People's Republic of China ("PRC"), petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

Yong does not challenge the immigration judge's denial of his asylum application as untimely. See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) (stating that issue not raised on appeal is waived); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same). Yong's appeal is therefore limited to the denial of his application for withholding of removal and protection under the CAT.

To establish eligibility for withholding of removal, an alien must show a clear probability that if he was removed to his native country, his "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2000); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means it is more likely than not the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984). "The burden of proof is on the applicant for withholding of removal . . . to establish that his or her life or freedom would be threatened in the proposed country of removal" on account of a

protected ground. 8 C.F.R. § 1208.16(b) (2005). A showing of past threat to life or freedom on such a ground creates a rebuttable presumption that the threat would recur upon removal. 8 C.F.R. § 1208.16(b)(1)(i); Camara, 378 F.3d at 370. Withholding of removal is mandatory if the alien meets the standard of proof. Stevic, 467 U.S. at 429-30.

Furthermore, to qualify for protection under the Convention Against Torture, a petitioner bears the burden of demonstrating that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2005). "[An] applicant need not prove the reason for the torture, nor that she has a well-founded fear of it . . . ." Camara, 378 F.3d at 371.

We find that substantial evidence supports the Board's ruling that Yong failed to prove he is eligible for mandatory withholding of removal or protection under the CAT, and Yong fails to show that his evidence compels a contrary result. For example, Yong claimed his wife had a forced abortion, but the abortion certificate submitted to corroborate that claim establishes only that his wife had an abortion, not that it was forced. Moreover, Yong submitted no declaration or affidavit from his wife corroborating his story and the circumstances of his departure. Nor were any similar statements provided by Yong's parents, with whom Yong, his wife, and his son apparently live. The immigration

- 3 -

judge properly concluded that this corroborating evidence is available and should have been submitted by Yong.

The immigration judge also had before him the State Department's 2002 Country Report for China. The 2002 Report reflects that in September 2002, following Yong's wife's alleged forced abortion in 1999, the PRC enacted a new law that prohibited forced abortions and sterilizations. Under the new law, local officials are prohibited from employing forced procedures, and instead, administer their population control policies through "education, propaganda, and economic incentives." We therefore find that Yong has not shown that it is more likely than not that he will be sterilized now. Even if Yong is subjected to additional fines, such fines in and of themselves do not constitute persecution. Chen v. INS, 195 F.3d 198, 204-05 (4th Cir. 1999).

Yong counters that the immigration judge's ruling was the result of ineffective assistance of counsel. To properly allege such a claim, a petitioner must submit an affidavit setting forth the relevant facts in detail, including the agreement that was entered into with former counsel with respect to the actions to be taken and what counsel did or did not represent to the alien in this regard. See Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). In addition, before allegations of ineffective assistance are presented to the Board, former counsel must be informed of the allegations and allowed an opportunity to respond. Counsel's

- 4 -

response or his failure or refusal to respond should be submitted with the motion.  If the alien asserts that prior counsel's handling of his case involved a violation of ethical or legal responsibilities, "the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not."  Id.  Finally, a movant must show prejudice as a result of the alleged ineffectiveness. Rusu v. INS, 296 F.3d 316, 324 (4th Cir. 2002).  We need not decide if Lozada's requirements were satisfied because even assuming that they were, we would nevertheless conclude that Yong's claim is meritless, as, based on the 2002 Report, Yong fails to demonstrate that he was prejudiced by his attorney's actions.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED